UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-2475-McAliley

UNITED STATES OF AMERICA

vs.

RONY CASIMIR and
LOUIS MARY VALMYR,
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?    _____ Yes    __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?    _____ Yes    __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:  *[signature]*
Daya Nathan
Assistant United States Attorney
Florida Bar No. 74392
99 N. E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9147
FAX (305) 530-7976

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. |
| RONY CASIMIR and LOUIS MARY VALMYR, | ) |
|  | ) |
|  | ) |
| *Defendant(s)* | |

CRIMINAL COMPLAINT  15-2475- McAliley

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 3-8, 2015__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to possess with intent to distribute cocaine |

This criminal complaint is based on these facts:
See attached affidavit.

❒ Continued on the attached sheet.

*Complainant's signature*

CARMEN DESHEPLO, SPECIAL AGENT, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __04/09/2015__

*Judge's signature*

City and state: __Miami, Florida__   HONORABLE CHRIS M. MCALILEY
*Printed name and title*

## AFFIDAVIT

I, Carmen DeSheplo, being duly sworn, depose and state as follows:

1. I am a Special Agent with the United States Drug Enforcement Administration (DEA), where I have worked since 2004. The DEA is a federal law enforcement agency authorized to conduct investigations pertaining to possible criminal violations of the federal narcotics statutes, to include Titles 18 and 21 of the United States Code. As a DEA Special Agent, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, § 2510(7). I have received specialized training regarding the detection and investigation of drug trafficking organizations while with the DEA. My courses have included instruction regarding the methods used by traffickers to transport, sell, and distribute drugs and also to launder proceeds from those transactions. I have also acquired knowledge regarding these subject areas through practical experience by participating in narcotics investigations during my work with the DEA.

2. The information set forth in this affidavit comes from my personal involvement in this investigation, as well as from information provided to me by other law enforcement officers. This affidavit does not represent every fact law enforcement knows about this investigation but is submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint against Rony CASIMIR and Louis Mary VALMYR for violations of the laws of the United States, that is, conspiracy to possess with the intent to distribute a controlled substance, namely cocaine, in violation of Title 21, United States Code, Section 846.

3. In mid-2014, a confidential informant ("CS") identified CASIMIR as a subject involved with the distribution of narcotics throughout south Florida. The CS has provided reliable information in the past.

4. On October 28, 2014, at approximately 12:00 p.m., CASIMIR, the CS, and a law enforcement officer working in an undercover capacity ("UC1") met in a parking lot in Fort Lauderdale, Florida. The meeting was conducted inside the UC1's vehicle and was audio and video recorded. During the meeting, CASIMIR and the UC1 discussed a transaction for multiple kilograms of cocaine.

5. On October 31, 2014, at approximately 2:30 p.m., CASIMIR and the UC1 met in a parking lot in Miami, Florida. The meeting was audio recorded. During the meeting, CASIMIR advised the UC1 that he had a purchaser interested in buying multiple kilograms of cocaine from the UC1.

6. From November 2014 through April 2015, CASIMIR remained in contact via telephone with the UC1 and continued to discuss with the UC1 a possible narcotics transaction.

7. On April 3, 2015, at approximately 12:00 p.m., CASIMIR and the UC1 met in a restaurant in Miami, Florida. The meeting was audio recorded. During the meeting, CASIMIR advised the UC1 that CASIMIR had a cocaine purchaser known to him as "Lucky" who was interested in purchasing ten (10) kilograms of cocaine from the UC1. CASIMIR dialed Lucky's number on his cellular telephone and handed the telephone to the UC1. The UC1 and Lucky discussed a possible narcotics transaction and agreed to a subsequent meeting.

8. On April 7, 2015, at approximately 3:00 p.m., CASIMIR, Lucky, and the UC1 met in a restaurant in Miami, Florida. The meeting was audio recorded. During the meeting, Lucky was identified as VALMYR. During the meeting, CASIMIR, VALMYR, and the UC1 discussed a narcotics transaction for multiple kilograms of cocaine.

9. That same day, after the meeting inside the restaurant, CASIMIR, VALMYR, and the UC1 exited the restaurant. A second law enforcement officer, working in an undercover capacity ("UC2") and in a vehicle, approached CASIMIR, VALMYR, and the UC1. CASIMIR, VALMYR, and the UC1 entered the UC2's vehicle, and the UC2 presented to VALMYR a bag containing one (1) kilogram of cocaine. VALMYR opened the bag and smelled the cocaine. VALMYR then placed the bag on the center console. CASIMIR looked inside the bag. VALMYR stated that he was interested in purchasing multiple kilograms of cocaine.

10. On April 8, 2015, CASIMIR contacted the UC1 via telephone and advised that VALMYR was interested in purchasing three (3) kilograms of cocaine from the UC1. CASIMIR stated that VALMYR had the agreed-upon price of ninety thousand dollars ($90,000.00) necessary to purchase the three (3) kilograms of cocaine. CASIMIR and VALMYR agreed to meet the UC1 in Hollywood, Florida later that day.

11. At approximately 11:00 a.m. on April 8, 2015, law enforcement established surveillance at VALMYR's residence in Miami, Florida. Law enforcement observed CASIMIR and VALMYR exiting the residence and VALMYR carrying a tan and black bag. Law enforcement observed CASIMIR and VALMYR enter CASIMIR's vehicle and drive to the pre-arranged location in Hollywood, Florida.

12. The UC1 met CASIMIR and VALMYR at the location in Hollywood, Florida and verified that the ninety thousand dollars ($90,000.00) in cash was present in CASIMIR's vehicle.

13. The UC2 then arrived at the location in a vehicle. The UC2 had in his vehicle a bag containing three (3) kilograms of cocaine. The cocaine had previously field tested positive for cocaine. CASIMIR and VALMYR entered the UC2's vehicle. VALMYR handed the UC2 the tan

and black bag containing ninety thousand dollars ($90,000.00) in cash. The UC2 handed VALMYR the bag containing (3) kilograms of cocaine. CASIMIR and VALMYR exited the UC2's vehicle, with VALMYR holding the bag containing (3) kilograms of cocaine. The UC2 retained the tan and black bag containing ninety thousand dollars ($90,000.00) in cash.

14. As CASIMIR and VALMYR walked away from the UC2's vehicle, they were placed under arrest.

15. Based on the foregoing, your affiant respectfully submits that there is probable cause to believe that CASIMIR and VALMYR committed the offense of conspiracy to possess with the intent to distribute a controlled substance, namely cocaine, in violation of Title 21, United States Code, Section 846.

FURTHER YOUR AFFIANT SAYETH NAUGHT

_____
CARMEN J. DESHEPLO, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION


Sworn to and subscribed before me this
9TH day of April, 2015, in Miami, Florida

_____
HONORABLE CHRIS M. MCALILEY
UNITED STATES MAGISTRATE JUDGE

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: RONY CASIMIR

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:   Daya Nathan

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s):   Carmen J. DeSheplo (DEA)
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
2100 North Commerce Parkway, Weston, Florida 33326
Phone: (954) 660-4500

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: LOUIS MARY VALMYR

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:  Daya Nathan

Last Known Address: _____

What Facility: _____

Agent(s): Carmen J. DeSheplo (DEA)
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
2100 North Commerce Parkway, Weston, Florida 33326
Phone: (954) 660-4500